**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCELLA CRENSHAW, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>COMPUTEX INFORMATION SERVICES, INC., LEVY, EHRLICH & PETRIELLO, PC, and EVERGREEN APARTMENT MANAGEMENT, LLC,<br><br>                Defendants. | Civ. No. 10-01493 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

LAW OFFICES OF JOSEPH K. JONES, LLC
by: Joseph K. Jones, Esq.
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004

    *Attorneys for Plaintiffs*

THE SALVO LAW FIRM, P.C.
by: Cindy D. Salvo, Esq.
165 Passaic Avenue, Suite 310
Fairfield, NJ 07004

    *Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on a Motion to Dismiss submitted by landlord creditor Defendant Evergreen Apartment Management ("Evergreen"). Co-Defendants of Evergreen are debt collector Computex Information Services, INC. ("Computex") and law firm Levy, Ehrlich & Petriello, PC. ("LEP") (collectively "Co-Defendants"). Plaintiff Marcella Crenshaw, a "consumer," defined by 15 U.S.C. §1692a(3) as a person "obligated or allegedly obligated to pay a debt," filed a Complaint on March 23, 2010 in which she asserts that Evergreen caused to be delivered to her a collection letter to collect a debt allegedly owed to Evergreen. Plaintiff contends that the collection letter was collaboratively designed, furnished, and delivered by Evergreen and Co-Defendants who knew or should have known that the letter would create a false belief that the alleged debt had been turned over to LEP for collection purposes. Plaintiff alleges that said letter also misrepresented the statutorily required validation notice and caused the least sophisticated consumer to be uncertain as to her rights. Furthermore, Plaintiff claims that after receiving written notice to cease communication with the Plaintiff, Defendants mailed her another collection letter. Based on these allegations, Plaintiff filed this case as a purported class action on behalf of herself and all others similarly situated asserting violations of Sections 1692j(a), 1692j(b), 1692g(a)(3),(4),(5), 1692e(1), and 1692c(c) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

In the pending Motion, Evergreen contends that Plaintiff's Complaint fails to state a claim against Evergreen because the FDCPA applies only to debt collectors and Evergreen is a creditor, not a debt collector. Plaintiff argues, however, that Evergreen is a debt collector pursuant to the FDCPA. In support of that claim, she notes that past cases "provide for liability to a creditor when the creditor does something improper" and that "there is case law suggesting a

creditor could be considered a debt collector under the FDCPA even if it has hired a collection agency." Moreover, Plaintiff claims that that liability under 15 U.S.C. § 1692j extends to a creditor who, "in the process of collecting his own debts, uses any name other than his own which indicates that a third person is collecting or attempting to collect such debts." Therefore Plaintiff contends that since Evergreen tried to give the impression to Plaintiff that a third person was collecting or attempting to collect the alleged debt, it is liable under 15 U.S.C. § 1692j.

In response to all counts, Evergreen contends that there are no factual allegations that it is using a false name in an attempt to collect its own debts, and therefore Plaintiff's allegations are "bald assertions" without support from factual assertions. Plaintiff argues that since she has alleged that Computex, LEP, or both were not actually participating in the collection of Plaintiff's alleged debt, and that multiple parties are listed on the letter as possible debt collectors, there is a possibility that one or more of those entities were not actually acting as a Debt Collector. This would subject Evergreen to liability under § 1692. It is also unclear what Defendant Evergreen's role was in the collection effort; therefore, the case should proceed to discovery.

In the pending motion, Evergreen argues that Plaintiff's claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court agrees. Plaintiff's claims against Evergreen will be dismissed without prejudice.

## BACKGROUND

The Complaint sets forth the following allegations: On or before December 15, 2009, Evergreen and Co-Defendants caused to be delivered to Plaintiff a collection letter attempting to collect a debt allegedly owed to Evergreen. The collection letter contained the names and addresses of Evergreen's Co-Defendants in its letterhead but not that of Evergreen. The first

paragraph of the letter states that Computex and LEP were the senders of the letter and that Computex was representing the bookkeeping records of Evergreen:

> This letter has been sent to you by the office of Computex Information Services, Inc. ("Computex") a company that represents the bookkeeping records of EVERGREEN APT. MGMT., LLC, and the law offices of Levy, Ehrlich & Petriello, A Professional Corporation.

The following brief paragraph of the letter explicitly states that Evergreen was the creditor:

> Evergreen APT. MGMT., LLC is the creditor/landlord.

That paragraph is followed by:

> According to the records of EVERGREEN APT. MGMT., LLC, the total amount you owe them is $1,184.00…You may contact the creditor/landlord or Computex to obtain the amount due at that time.

In addition, the letter contains a notice stating in relevant part:

> Federal law requires our office to inform you that unless you notify in writing either office within thirty (30) days after receiving this Notice that you dispute the validity of this debt or any portion thereof, our office will assume that this debt is valid. If you notify either office…the office contacted by you will obtain a verification of the debt…

The second to last paragraph of the letter states:

> This disclosure pertains to your dealings with our offices. It does not affect your dealings with the Court. In particular, it does not change the time or date at which you must appear in Court in response [to] a Summons and Complaint. A Summons is a command from the Court, not our offices, and you must follow its instructions even if you dispute the validity or amount of the debt.

The final paragraph states:

> This communication is from debt collectors…

On January 6, 2010, Plaintiff notified Evergreen's Co-Defendants through her attorney that she disputed the validity of the alleged debt and Computex and LEP were to cease all communication with the Plaintiff. On February 11, 2010, there was delivered to

4

Plaintiff a subsequent collection letter attempting to collect a debt allegedly owed to Evergreen.  On February 22, 2010, Plaintiff notified defendants that she disputed the debt, and Computex and LEP were instructed to cease and desist all communications with Plaintiff.

Evergreen argues that the claims asserted against it must be dismissed because while the Complaint states a claim against the Co-Defendants, Computex and LEP, the Complaint fails to state a claim against defendant Evergreen.  With respect to the specific causes of action asserted in the Complaint, Evergreen argues that any claim premised on 16 U.S.C. § 1692 must fail because the FDCPA applies only to debt collectors and Evergreen is a creditor, not a debt collector.  Similarly, Evergreen contends that it is not liable pursuant to an exception under 15 U.S.C. §1692j(a)(b) which holds parties which do not meet the definition of a "debt collector" liable for violations of that section, because it did not use a false name or try to collect its own debts.  Furthermore, in response to all counts, Evergreen contends that there are no factual allegations that it is using a false name in an attempt to collect its own debts and therefore Plaintiff's allegations are "bald assertions" without support from factual assertions.

As discussed below, the Court finds that the Complaint does not state a claim against Evergreen.  The Court finds that Counts I and II of the Complaint against Evergreen fail because the factual allegations in the Complaint do not allow the court to draw the reasonable inference that the Evergreen attempted to use a false name or collect its own debts.  Counts III, IV, and V of the Complaint fail because the sections of the FDCPA allegedly violated in those counts only apply to "debt collectors," and the factual allegations in the Complaint do not allow the court to draw the reasonable inference that Evergreen is a "debt collector" because Evergreen attempted to collect its own debts.  Therefore, the Complaint with respect to Evergreen will be dismissed.

## II.  DISCUSSION

A.  **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," Id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery

will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss, the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

**B.     The Complaint**

Given the abundant evidence of abusive and deceptive practices by debt collectors, Congress provided redress to consumers subjected to such unfair collection practices with the passage of the FDCPA. Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227, 233 (3d Cir. 2005); Pollice v. National Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000). "[C]ourts have [generally] analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.'" Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 298 (3d Cir. 2008) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 222 (3d Cir. 2008)). The standard is less exacting than that of the reasonable consumer. Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000); Brown v. Card Service Center, 464 F.3d at 453 ("This lower standard comports with a basic purpose of the FDCPA.")

"To that end, the [Court of Appeals] has expounded that the "least sophisticated debtor" standard is "'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" <u>Wilson</u>, 225 F.3d at 354 (quoting <u>Smith v. Computer Credit, Inc.</u>, 167 F.3d 1052, 1054 (6th Cir. 1999)).  The extremely low threshold set by the standard is "'to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.  This standard is consistent with the norms that courts have traditionally applied in consumer protection law.'" <u>Wilson</u>, 225 F.3d at 354. That does not permit, however, the callow debtor to evade his or her obligations based on "bizarre or idiosyncratic interpretations of collection notices." <u>Rosenau</u>, 539 F.3d at 221. Thus, courts must presume that the unsophisticated debtor has read a notice in its entirety and does so not only with a basic level of understanding but also with a willingness to read with some care.  <u>Campuzano-Burgos</u>, 550 F.3d at 299 (citing <u>Federal Home Loan Mortgage Corp. v. Lamar</u>, 503 F.3d 504, 510 (6th Cir. 2007)).  Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion.  <u>Wilson</u>, 225 F.3d at 353 n.2 (3d Cir. 2000)

**Counts I and II – Violation of FDCPA, 15 U.S.C. §§ 1692j(a) and 1692j(b)**

Section 1692j(a) of the FDCPA provides that:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

Section 1692j(b) of the FDCPA provides that:

> Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

8

With respect to Counts I and II of Plaintiff's Complaint, the Court must determine whether the assertions in the Complaint allow the court to draw the reasonable inference that the letter dated December 15, 2009 was knowingly designed, furnished, or delivered by Evergreen when it knew or should have known that it would be used to create the false belief in the "least sophisticated consumer" that the debt had been turned over to the LEP law firm for the purpose of collection, and that LEP was not actually involved in collecting the debt.  The letter dated December 15, 2009 states that LEP is a sender of the collection letter along with Computex; both are listed in the letterhead.  LEP is mentioned in the opening paragraph right after Computex is introduced as "a company that represents the bookkeeping records of EVERGREEN APT. MGMT., LLC."  LEP's relationship with Evergreen and the debt, however, is not disclosed at that point.  The letter goes on to imply that legal action has already begun or is being considered, which would lead the "least sophisticated consumer" to believe that the LEP law firm was involved.  The letter finishes by stating it is from "debt collectors"; an apparent reference to Computex and LEP.  The letter would lead the least sophisticated debtor, and quite probably even the average debtor, to believe that the debt had been turned over to LEP for collection purposes.  Plaintiff has not presented the court with factual allegations that would support an inference that LEP was not indeed involved in the collection of this debt.

In light of the standard discussed above, the Court finds that Counts I and II of Plaintiff's Complaint do not include sufficient factual allegations to state a claim for relief that is plausible on its face.  Other than asserting that there is a possibility that Computex, LEP, or both were not actually participating in the collection of the Plaintiff's alleged debt because there are multiple parties listed in the letter, and therefore there is a possibility that one or more entities were not acting as debt collectors does not satisfy the Plaintiff's burden of pleading her claim with

sufficient particularity. The Complaint contains no information about the relationship between Evergreen and its Co-defendants that would allow the Court to ascertain whether it is plausible that Evergreen was collecting its own debts or that one of the two Co-Defendants was not actually involved in debt collection. Rather, the Complaint simply asserts in a conclusory manner that at least one of purported defendants had a role in collecting the debt, which deviated from what was stated in the December 15, 2009 letter, and therefore Evergreen violated the FDCPA. That contention is not a factual allegation, but rather a conclusion of law, and need not be credited. See Iqbal, 129 S. Ct. at 1950. Plaintiff has failed "to raise a right to relief above the speculative level," Bell Atlantic, 550 U.S. at 545, and the Complaint must be dismissed.

**Counts III, IV, and V – Violation of FDCPA, 15 U.S.C. §§ 1692g *et seq.*, 1692e(10), and 1692c(c)**

Section 1692g(a)(3),(4),(5) of the FDCPA provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing — statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector — a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Section 1692e(10) makes it a violation for a debt collector to use:

> any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692c(c) provides:

10

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…

As a threshold matter, in order for Counts III, IV, and V of the Complaint to withstand a motion to dismiss, the court must find that Evergreen, a creditor, is a "debt collector" as defined within the FDCPA.  Under the FDCPA, the term "debt collector" means:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…*The term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.*

However, the language, which includes a "creditor" within the definition of "debt collector," is extremely narrow and applies in instances where a creditor attempts to use another name to collect its debts or mislead the debtor to believe a communication is coming from a third-party debt collector when in fact it is actually from the creditor.  See 15 U.S.C. § 1692a(6).

With respect to Counts III, IV, and V of Plaintiff's Complaint, the Court must determine whether the assertions in the Complaint allow the court to draw the reasonable inference that Evergreen attempted to collect its own debt through the collection letters and in the process of doing so used any name other than its own which would indicate that a third person is collecting or attempting to collect such debts.  When reading the letter in its entirety, it is apparent that Evergreen was not attempting to collect its own debt.  The letter directly stated that it was from Computex and LEP, and that they were debt collectors who were attempting to collect a debt on behalf of Evergreen.  In the opening paragraph, Computex is introduced as "a company that represents the bookkeeping records of EVERGREEN APT. MGMT., LLC."  The sentence "EVERGREEN APT. MGMT., LLC is the creditor/landlord" is set off from the rest of the text in

11

its own paragraph, followed by a paragraph which uses the words "you owe them," referring to Evergreen, to state the amount owed. Evergreen hence does not appear to be using a false name to collect its own debts.

In light of the standard discussed above, the Court finds that Counts III, IV, and V of the Complaint also do not include sufficient factual allegations to state a claim for relief that is plausible on its face. Other than asserting that there is a possibility that Computex, LEP, or both were not actually participating in the collection of the Plaintiff's alleged debt because there are multiple parties listed in the letter, and therefore there is a possibility that one or more entities were not acting as debt collectors does not satisfy the Plaintiff's burden of pleading her claim with sufficient particularity. The Complaint contains no information about the relationship between Evergreen and its Co-defendants that would allow the Court to find with any degree of plausibility that Evergreen was collecting its own debts or that one of the two Co-Defendants was not actually involved in debt collection. Rather, the Complaint simply asserts in a conclusory manner that at least one of purported defendants had a role in collecting the debt which deviated from what was stated in the December 15, 2009 letter and therefore violated the FDCPA. That contention is not a factual allegation, but rather a conclusion of law, and need not be credited. See Iqbal, 129 S. Ct. at 1950. The Complaint has failed "to raise a right to relief above the speculative level," Bell Atlantic, 550 U.S. at 545, and the Complaint must be dismissed.

The cases cited by the Plaintiff in support of denying the motion to dismiss and moving on to discovery are inapplicable to the current situation because they each contain strong evidence that the creditors were collecting their own debts, which is not the case here. In Domico v. Etan Indus., 1998 U.S. Dist. LEXIS 17099 (N.D. Ill. Oct. 22, 1998) the collection

12

letter at issue used the letterhead of the collection agency but directed all payments and correspondence to the creditor's address, not the debt collector's.  In <u>Fratto v. Citibank (South Dakota), N.A.</u>, 1996 U.S. Dist. LEXIS 14102 (N.D. Ill. Sept. 24, 1996) the collection letters at issue directed debtors to call a telephone number that rang in the creditor Citibank's internal collection department.  In <u>Denkers v. United Compucred Collections, Inc.</u>, 1996 U.S. Dist. LEXIS 22332 (N.D. Cal. Nov. 27, 1996) the plaintiff averred that the creditor was "in complete control of its own accounts at all times" – this allegation was supported by the fact that the collection letter directed debtors to call a telephone number which actually rang in the creditor's "closed account department."  The letters at issue in the instant matter do not contain Evergreen's address or telephone number, or any other indication that Evergreen is using a false name to collect its own debts.

"Ordinarily where a complaint is dismissed on … 'failure to plead with particularity' grounds alone, leave to amend is granted."  <u>In re Burlington Coat Factory Litig.</u>, 114 F.3d 1410, 1435 (3d Cir. 1997).  A possibly meritorious claim should not be precluded because of a defect in the pleadings, and leave to amend should be granted in cases where a Complaint is dismissed for failure to state a claim unless doing so would be futile.  <u>Id</u>. at 1434-35.  Therefore, the Court will grant Ms. Crenshaw 30 days to move for leave to amend her claims against Evergreen in order to comply with the standards enumerated in <u>Iqbal</u>, 129 S. Ct. at 1949-50.

### III.  CONCLUSION

For the foregoing reasons, Evergreen's Motion to Dismiss is granted.  Plaintiff's claims against Evergreen are dismissed without prejudice, with leave to move within 30 days for leave to file an amended complaint with respect to Evergreen if Plaintiff can in good faith plead the necessary facts.

The Court will enter an order implementing this opinion.


           **s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 21, 2010