UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                                    :
**MARCELLA CRENSHAW**               :
                                    :
          **Plaintiff(s),**  :  Civil Action No.10-1493(DRD)(MAS)
**v.**                              :
                                    :
**COMPUTEX INFORMATION SERVICES,**  :
**INC.**                            :  **SCHEDULING ORDER**
                                    :
                                    :
          **Defendant(s).**   :
_____ :

    **THIS MATTER** having come before the Court for a scheduling conference pursuant to Fed. R. Civ. P. 16 on **August 11, 2010;** and for good cause shown,

    **IT IS** on this 12th day of August, 2010,

    **ORDERED THAT:**

### I. DISCOVERY AND MOTION PRACTICE

1. **Fact Discovery Deadline**. Fact discovery is to remain open through **October 15, 2010.** All fact witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. **Motions to Add New Parties**. Any motion to add new parties, whether by amended or third-party complaint, must be filed by **October 1, 2010.**

3. **Motions to Amend Pleadings**. Any motion to amend pleadings must be filed by **October 1, 2010.**

4. **Rule 26 Disclosures**. The parties have already exchanged disclosures as required pursuant to Fed. R. Civ P. 26**.**

5. **Interrogatories**. The parties may serve interrogatories limited to **twenty-five (25)** single questions, including subparts and requests for production of documents, on or before **August 30, 2010,** which shall be responded to by **September 30, 2010.**

6. **Depositions**.  The number of depositions to be taken by each side shall not exceed 10.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).

7. **Electronic Discovery**.  The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection.  The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.

8. **Discovery Disputes**.  No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.  Counsel shall confer in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal efforts fail, the aggrieved party shall bring the dispute to the Court's attention in the first instance by a brief letter, not to exceed 5 pages, outlining the dispute.  The other party will then be permitted to submit a brief opposition letter, not to exceed 5 pages.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute.  *See* L. Civ. R. 16.1(f).

9. **Motion Practice**.  **Dispositive motions shall only be filed after depositions have been completed.**  No motions are to be filed without prior written permission from this Court.  All dispositive motions must first be the subject of a dispositive motion pre-hearing.  These pre-requisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with the federal and local rules.

## II. MISCELLANEOUS

10. **Future Conferences**.  The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

11. **Extensions and Adjournments**.  All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders of the Court, shall be submitted to the Court in writing via e-filing with a courtesy copy via facsimile [(973) 645-4412 ].  Said written request must include the following information: (a) the reason for the request, (b) whether or not all parties consent to the request, (c) the number of prior requests, and (d) the amount of additional time sought.  Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court – even with consent of all counsel.

12. **Service of Correspondence**. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action, unless otherwise directed by the Court. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

13. **Facsimiles**. As a courtesy to the parties, the undersigned accepts confidential settlement letters by facsimile to (973) 645-4412. Counsel must efile all other documents and may submit courtesy copies of documents that are ten pages or less by facsimile.

14. *Pro Hac Vice* **Applications**. The undersigned accepts informal applications to admit counsel *pro hac vice*. The informal application must include: (a) an affidavit of local counsel, (b) an affidavit of counsel seeking admission *pro hac vice*, and (c) a proposed form of order. The undersigned encourages all parties to consult L. Civ. R. 101.1 (c), and the related commentary in Lite, *N.J. Federal Practice Rules* (Gann 2007), for information about the form and content of the aforementioned affidavits and proposed form of order.

15. **Protective Orders**. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3. *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** *See* Local Civil Rule 5.3.

16. **Audio/Visual Equipment**. The Court has various audio/visual and automated evidence presentation equipment available to the Bar for use at no cost. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. For further information, please contact Nati Rodriguez, the undersigned's Courtroom Deputy.

17. **Status Conference**. There will be a telephone status conference before the undersigned on **October 15, 2010** at **10:30 am. One week prior to this conference**, each party must submit a confidential memorandum to the Court via facsimile to 973- 645-4412, not to exceed **2** pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement.

18.     **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS**.

                                                s/ Michael A. Shipp
                                                **Michael A. Shipp**
                                                **UNITED STATES MAGISTRATE JUDGE**